**Mahadai SEETARAM, also known as Mahadai Setarm, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–4797–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2007.

---

Nita Dobroshi, Law Offices of Spar & Bernstein, P.C., New York, N.Y., for Petitioner.

Troy A. Eid, United States Attorney for the District of Colorado, Lisa A. Christian, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mahadai Seetaram, a native and citizen of Guyana, seeks review of an October 2, 2006, order of the BIA affirming the May 25, 2006, decision of Immigration Judge ("IJ") Alan A. Vomacka denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mahadai Seetaram*, No. A29 859 959 (B.I.A. Oct. 2, 2006), *aff'g* No. A29 859 959 (Immig. Ct. N.Y. City May 25, 2006). We assume the parties' familiarity with the underlying facts, administrative proceedings, and specification of issues for review.

The BIA's determination that Seetaram failed to establish—based either on a presumption arising from past persecution or an independent showing of the likelihood of future persecution—that it was more likely than not that she would be persecuted on account of a protected ground if returned to Guyana, *see Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), is supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B). The BIA's determination that Seetaram failed to establish that it was more likely than not that she would be tortured after her return, *see* 8 C.F.R. § 1208.16(c), is also supported by substantial evidence. Because substantial evidence supports both determinations and because we identify no error requiring remand, we will deny the petition for review. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006) ("[A]n error does not required a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error.")

We therefore DENY the petition for review and further DENY as moot Seetaram's motion for a stay.